DAS/TH:JDL
F. # 2011R00343/OCDETF #NY-NYE-645

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 03 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

 - against -

PAULINE WILTSHIRE,

    Defendant.

- - - - - - - - - - - - - - - - X

I N D I C T M E N T

CR 11 - 0164
(T. 21, U.S.C., §§
841(b)(1)(C), 846, 853(a)
and 853(p); T. 18, U.S.C.,
§§ 3551 et seq.)

IRIZARRY, J.
POHORELSKY, M.J.

THE GRAND JURY CHARGES:

### CONSPIRACY TO DISTRIBUTE ADDERALL

1. On or about and between May 1, 2008 and October 19, 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant PAULINE WILTSHIRE, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing Adderall, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(C); Title 18, United States Code, Sections 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION

2. The United States hereby gives notice to the defendant that, upon her conviction of the offense charged herein, the government will seek forfeiture in accordance with Title 21,

United States Code, Section 853, which requires any person convicted of such offense to forfeit any property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offenses, including but not limited to, a sum of money equal to $30,000 in United States currency.

   3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other

property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

A TRUE BILL

FOREPERSON

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

-3-