

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

```
WMN:JDL                          271 Cadman Plaza East
F.#2010R00036                    Brooklyn, New York  11201
```

April 9, 2012

By ECF and Hand Delivery

The Honorable Dora L. Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. Pauline Wiltshire
            Criminal Docket No. 11-164 (DLI)

Dear Judge Irizarry:

      The government respectfully submits this letter in response to the defendant's sentencing memorandum, dated March 30, 2012, requesting a sentence below the range applicable under the United States Sentencing Guidelines ("Guidelines").  For the reasons stated below, the government does not oppose a sentence below the applicable Guidelines range in this case.  However, the government respectfully submits that a sentence that includes a substantial term of incarceration is appropriate.  Sentencing is currently scheduled for April 16, 2012.

I.    Offense Conduct

      The government agrees with the description of the offense conduct as set forth in the Presentence Investigation Report ("PSR"), as amended by the Addendum thereto.

      In summary, from approximately May 1, 2008 through October 19, 2010, the defendant and her then-boyfriend, a medical doctor, engaged in a conspiracy to distribute Adderall pills.  Both the defendant and her co-conspirator recruited customers on the Internet.  The co-conspirator wrote prescriptions for Adderall pills in false names.  The defendant and her co-conspirator obtained false identification documents in order to fill the prescriptions.  The defendant and her co-conspirator then sold the pills hand-to-hand to the customers whom they had recruited on the Internet.  (PSR ¶ 4).

2

    After the defendant and her co-conspirator ended their romantic relationship, the defendant continued to sell Adderall pills on her own. In the fall and winter of 2010, the defendant sold eleven 30 mg Adderall pills by mail to an undercover Drug Enforcement Administration agent, culminating in her arrest. (Id. ¶¶ 6-12).

II. Sentencing Guidelines

    Both parties agree with the calculation of the Guidelines as set forth in the Addendum. The defendant is accountable for 1031 Adderall pills at 30 milligrams of actual amphetamine per pill, for a total weight of 30.93 grams of actual amphetamine. This drug quantity corresponds to a base offense level of 28, pursuant to U.S.S.G. § 2D1.1(c)(6). The defendant also receives a 2-level enhancement for mass marketing by means of an interactive computer service, pursuant to U.S.S.G. § 2D1.1(b)(7); a 2-level "safety valve" reduction, pursuant to U.S.S.G. § 2D1.1(b)(16); and a 3-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1; for a total offense level of 25, which corresponds to a Guidelines sentencing range of 57 to 71 months' imprisonment in Criminal History Category I.

III. Argument

    In her sentencing submission, the defendant seeks to portray herself as a less culpable party than her co-conspirator. While the defendant was not a medical doctor, and therefore could not write the prescriptions necessary to sustain the criminal enterprise, the government's investigation revealed that the defendant recruited and serviced her own clientele, used false identification to fill prescriptions, and made hand-to-hand sales of Adderall. In addition, the defendant continued to sell Adderall after the romantic relationship with her co-conspirator ended. Notably, the PSR does not assign the defendant any role reduction, nor has she sought one. Therefore, the defendant's request for a lesser sentence on this basis should be denied.

    The defendant also argues that the United States Sentencing Commission has incorrectly determined how to apply the Guidelines to the distribution of Adderall. (Def.'s Sent. Mem. at 11-14). The defendant references no authority to support this proposition, and the argument should be rejected. In fact, as discussed in the defendant's memorandum, the Sentencing Commission, in implementing a directive of Congress, based the Guidelines calculations for amphetamine (the active ingredient of Adderall) on its similarity to methamphetamine, including the

3

following enumerated factors: (1) chemical similarity; (2) similar production and trafficking methods; (3) similar methods of use; (4) effects on similar parts of the human brain; and (5) similar intoxicating effects. See U.S.S.G. amend. 610. The government submits that this Court should not depart from a sentencing scheme that reflects the considered judgment of both Congress and the Sentencing Commission on the basis of the defendant's unsupported argument.

However, the government does note that the Probation Department has recommended a non-Guidelines sentence of 36 months' imprisonment in this case. The government also notes that the defendant committed the crime of conviction at least in part because of her own addiction to Adderall. Furthermore, the government acknowledges that the defendant has certain personal history characteristics that the Court may take into account pursuant to 18 U.S.C. § 3553(a). For these reasons, the government does not oppose the imposition of a non-Guidelines sentence, albeit a sentence that includes a significant term of incarceration.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney


By: /s/ Justin D. Lerer
    Justin D. Lerer
    Assistant U.S. Attorney
    (718) 254-6124

cc: Clerk of Court (DLI) (By ECF)
    U.S. Probation Officer Jennifer G. Fisher (By e-mail)
    Paul S. Kish, Esq. (By ECF)