

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

PN:JDL
F.#2010R00036

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 25, 2012

To Be Filed Under Seal

The Honorable Dora L. Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. Pauline Wiltshire
            Criminal Docket No. 11-164 (DLI)

Dear Judge Irizarry:

       The government respectfully submits this letter in response to the Court's order, entered on April 23, 2012 and amended on April 24, 2012, to show cause why it should not vacate the sentence imposed in this case and resentence the defendant. For the reasons stated below, the government submits that the Court lacks authority to resentence the defendant under the circumstances in this case. A hearing on this issue has been scheduled for May 10, 2012.

I.    Background

       On September 22, 2011, the defendant pleaded guilty to an indictment charging conspiracy to distribute Adderall, in violation of 18 U.S.C. § 841(a)(1).

       On December 16, 2011 and April 16, 2012, respectively, the Probation Department issued a Presentence Investigation Report and Addendum thereto (collectively, "the PSR"). In reviewing the defendant's employment history, the PSR noted that the defendant had worked as an exotic dancer in college (PSR ¶ 59) but did not note employment as an exotic dancer during any other time period (see id. ¶¶ 54-59). The PSR assigned the defendant a Total Offense Level of 25 and a Criminal History Category of I, resulting in a United States Sentencing Guidelines range of imprisonment of 57 to 71 months.

       At sentencing, the government did not oppose the imposition of a non-Guidelines sentence but advocated for a

sentence that included a significant term of incarceration. The defendant requested a non-incarceratory sentence.

On April 16, 2012, the Court sentenced the defendant to time served (amounting to two days) and five years of supervised release with the standard conditions of supervision and various special conditions. The Court has not yet issued a written judgment.

On April 23, 2012, the Probation Department filed a memorandum under seal, reporting that an anonymous individual had alleged that the defendant had been working as an exotic dancer for the past year and had not reported that employment to the Pretrial Services Agency or the Probation Department. The memorandum also detailed the Probation Department's efforts to corroborate these allegations, noting that "[a]t this time, the information provided by the anonymous individual is still being corroborated."[1]

On April 23, 2012, as amended on April 24, 2012, the Court issued an order to show cause why it should not vacate the sentence and resentence the defendant based upon the information contained in the Probation Department's memorandum.

II. Argument

The government respectfully submits that the Court lacks authority to resentence the defendant under the circumstances in this case.

As the Second Circuit has observed, "Congress has imposed stringent limitations on the authority of courts to modify sentences, and courts must abide by those strict confines." United States v. Thomas, 135 F.3d 873, 876 (2d Cir. 1998). In particular, 18 U.S.C. § 3582(c) provides that "[t]he court many not modify a term of imprisonment once it has been imposed" except in three circumstances: (1) when the Bureau of Prisons has filed a motion for reduction of sentence, 18 U.S.C. § 3582(c)(1)(A); (2) when the modification is expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3582(c)(1)(B); and (3) when the defendant has been sentenced to imprisonment based on a sentencing range

---

[1] The government notes that its argument below does not rely on whether these allegations are corroborated or uncorroborated.

3

that has subsequently been lowered retroactively by the Sentencing Commission, 18 U.S.C. § 3582(c)(2).

The first and third circumstances discussed above clearly do not apply in this case. The government respectfully submits that <u>United States v. Abreu-Cabrera</u>, 64 F.3d 67 (2d Cir. 1995), controls in holding that resentencing is not authorized in circumstances similar to those in this case under Rule 35(a), the only remaining potential source of authority known to the government.

In <u>Abreu-Cabrera</u>, the district court initially sentenced the defendant to 57 months' imprisonment. Four days after sentencing, and prior to issuance of the written judgment, the district court issued an order stating that it "may not have been apprised of and considered all relevant factors" during sentencing and therefore wished to reconsider the sentence. After receiving submissions from both parties, the court considered additional bases for downward departures and resentenced the defendant to 24 months' imprisonment. The government appealed. <u>Id.</u> at 70.

In <u>Abreu-Cabrera</u>, the Second Circuit provided a history of the law of resentencing. Prior to the Sentencing Reform Act of 1984, a district court enjoyed "substantial latitude to amend a sentence after the public sentencing hearing" under Federal Rule of Criminal Procedure 35. <u>Id.</u> at 71 (quoting <u>United States v. Cook</u>, 890 F.2d 672, 674 (4th Cir. 1989)). The Sentencing Reform Act amended Rule 35 "to impose on the new sentencing system a requirement that the sentence imposed in the public forum during the sentencing hearing would remain constant, immune from later modification." <u>Id.</u> (quoting <u>Cook</u>, 890 F.2d at 674-75). After litigation of the amended Rule 35 in the Courts of Appeals, Rule 35 was amended again in 1991 to add Rule 35(c), permitting a district court to correct a sentence that was imposed as a result of "arithmetical, technical, or other clear error." Rule 35(c) was "intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action." <u>Id.</u> at 72 (quoting Fed. R. Crim. P. advisory committee note 1991 amendments).[2]

---

[2] Amendments to Rule 35 in 2002 and 2009 reorganized the rule to place the provision permitting correcting a sentence for "arithmetical, technical, or other clear error" in Rule 35(a) and to provide for a time limit of 14 days after sentencing. Neither

4

The Second Circuit, in <u>Abreu-Cabrera</u>, held that resentencing was not authorized under Rule 35, finding that any error perceived by the district court was not arithmetical, technical, or other clear error, "did not constitute an obvious error or mistake that would have resulted in remand by this Court," "was not illegal, nor . . . the result of an incorrect application of the guidelines or unreasonable." <u>Id.</u> at 72.  The Second Circuit reversed, vacated the new sentence, and remanded for imposition of a sentence in accordance with the original sentence.  <u>Id.</u> at 76.

The government respectfully submits that <u>Abreu-Cabrera</u> controls here.  An error in the PSR – even one allegedly caused by the defendant's lack of forthrightness – does not expand the limited grounds for resentencing under Rule 35 nor does it vitiate the strong policy preference for finality in sentencing expressed in <u>Abreu-Cabrera</u>.[2]

For these reasons, the government respectfully submits that the Court lacks authority to resentence the defendant under the circumstances in this case.

---

of these amendments altered the operative language of the rule.

[2] The government notes that a contrary ruling might have substantial unforeseen effects in litigation brought by defendants who are unsatisfied with the results of their presentence investigations or the sentences imposed upon them. The government further notes that, if the Probation Department determines that this defendant violated any of the standard conditions of supervision relating to reporting of employment after sentencing, it may consider bringing such violation to the attention of the Court.

5

Because this letter discusses the contents of the Probation Department's sealed memorandum, the government respectfully requests that it be filed under seal.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: _____
Justin D. Lerer
Assistant U.S. Attorney
(718) 254-6124

cc: Clerk of Court (DLI) (By Hand)
    U.S. Probation Officer Jennifer G. Fisher (By e-mail)
    Paul S. Kish, Esq. (By e-mail)