# KISH & LIETZ, P.C.
### ATTORNEYS AT LAW

225 PEACHTREE STREET, N.E.
1700 SOUTH TOWER, PEACHTREE CENTER
ATLANTA, GEORGIA 30303
(404) 588-3991
FACSIMILE: (404) 588-3995

May 7, 2012

The Honorable Dora L. Irizarry
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE: U.S. v. Pauline Wiltshire - CR-11-0164-DLI

Dear Judge Irizarry:

Defendant respectfully submits this letter in response to your Order dated April 27, 2012. That Order stated that "neither party has addressed the court's ability to exercise its inherent power to vacate its own judgment upon proof that a fraud has been perpetrated upon the court. It is the court's opinion that defendant has perpetrated a fraud on the court and the Probation Department." The Court directed the parties to file additional letter briefs no later than May 7, 2012.

In summary, federal courts uniformly hold that there is no "inherent authority" to re-open a sentence that has already been imposed. Additionally, it appears that courts may not re-open a criminal sentencing proceeding even in the face of a defendant's alleged fraud upon the court. Finally, sanctions for a fraud upon the court are restricted to only the most egregious misconduct directed to the court itself, in order to remedy a grave miscarriage of injustice. The Eighth Circuit recently determined that even when a Defendant provided false information concerning her assets to the Probation Officer and other false information, such conduct did not rise above the high threshold needed to use the "fraud upon the court" rule for re-opening a previously imposed judgment.

## There is no "inherent authority" to re-open a federal sentencing

Once a sentence has been announced, it is final. The authority to modify such a sentence is narrowly circumscribed. The Supreme Court stated that "the trial courts had no such authority" prior to the adoption of Fed. R. Crim. P. 35. United States v. Addonizio, 442 U.S. 178, 189, n. 16, 99 S.Ct. 2235, 60 L. Ed. 2d 805 (1979). Later, Congress revoked the broad authority to correct illegal sentences originally set forth in Rule 35. See Sentencing Reform Act of 1984, Pub. L. 98-473, 215(b), 98 Stat. 2015-16; see also Historical Notes on 1984 Amendments to Rule 35, 18 U.S.C.A. (2012).

The Honorable Dora L. Irizarry
May 7, 2012
Page 2

---

Under current practice, an error may be corrected by the trial court only if it is "clear," and only within 14 days after the sentence is announced. Rules 35(a), (c).

Despite the limitations imposed by the Federal Rules of Criminal Procedure, litigants regularly contend that there is some power outside the Rules or federal statutes that permit a judge to go back and have a later sentencing hearing. In a variety of contexts, federal courts have routinely rejected the notion of "inherent authority" as the means for modifying, re-imposing or re-opening a previously imposed criminal sentence. See, e. g., United States v. Fahm, 13 F. 3d 447, 453 (1st Cir. 1994); United States v. Goodwyn, 596 F. 3d 233, 235 (4th Cir. 2010); United States v. Lopez, 26 F. 3d 512, 515, 520 (5th Cir. 1994); United States v. Washington, 584 F. 3d 693, 700 (6th Cir. 2010); United States v. Cunningham, 554 F. 3d 703, 708 (7th Cir. 2009); United States v. Barragan-Mendoza, 174 F. 3d 1024, 1028 (9th Cir. 1999); United States v. Mendoza, 118 F. 3d 707, 709 (10th Cir. 1997); United States v. Diaz-Clark, 292 F. 3d 1310, 1316-18 (11th Cir. 2002). The Second Circuit noted that a Court's inherent authority only authorizes interpretation of ambiguities in an unclear judgment. United States v. Spallone, 399 F. 3d 415 (2nd Cir. 2005)(District Court had inherent authority to clarify judgment when earlier reduction of sentence to "time served" was unclear as to whether the reduction extended to restitution and supervised release).

### "Fraud Upon the Court" Does Not Justify Vacating a Prior Sentence

Recent decisions by the Third and Eighth Circuits demonstrate that even if a Defendant allegedly committed a fraud upon the Court, the sentencing Judge still does not have authority to vacate the original sentence and conduct a new sentencing hearing. These decisions distinguished the only federal authority to the contrary, noting that this single older case was issued at a time when federal judges had greater discretion to modify or change a previously imposed sentence pursuant to earlier versions of the Federal Rules of Criminal Procedure.

In United States v. Washington, 549 F. 3d 905 (3rd Cir. 2008) the Defendant was arrested for passing counterfeit money. The Defendant repeatedly lied about his true name. If his true name had been known, his criminal history would have resulted in a higher range under the Sentencing Guidelines. His mendacity continued throughout the case, and was directed to the arresting officers, the Magistrate Judges, his own lawyer, the District Judge, the Probation Officers, and when he appealed his original sentence, his lies continued when his attorney repeatedly used the false name when filing papers in the Court of Appeals and in the Supreme Court. After finishing the custodial part of his sentence, the Defendant confessed his true name. The Government then moved to vacate the original sentence. The District Court agreed to do so, concluding that the judge had inherent authority to re-open the matter based on the fraud perpetrated upon the Court. The Third Circuit reversed, holding that even in the face of alleged fraud

The Honorable Dora L. Irizarry
May 7, 2012
Page 3

---

upon the Court there was no authority to vacate the original sentence for a new sentencing hearing.

In Washington, the Third Circuit noted two Supreme Court decisions in civil cases hold that a fraud upon the court can authorize a federal judge to vacate a previously enacted judgment. These decisions emanated from traditional equity concerns. However, allowing a judge to vacate an earlier judgment is reserved for cases involving more than an injury to a single litigant. More importantly, the Third Circuit recognized that these two Supreme Court decisions involved civil suits, and not criminal prosecutions.

> In the criminal context, the Supreme Court has held that district courts lack "inherent supervisory power" to enter an untimely judgment of acquittal *sua sponte* when doing so is in clear contradiction of Federal Rule of Criminal Procedure 29(c). Carlisle v. United States, 517 U.S. 416, 425-28, 116 S.Ct. 460, 1466-67, 134 L.Ed. 2d 613 (1996). The Court explained, "[w]hatever the scope of this 'inherent power,' however, it does not include the power to develop rules that circumvent or conflict with the Federal Rules of Criminal Procedure." Id., at 426, 116 S.Ct. at 1466. The Court recognized its holding in Chambers [v. NASCO Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed. 2d 27 (1991)]] but distinguished it "not only because of the clarity of the text [of Rule 29(c)], but also because we are unaware of any 'long unquestioned' power of federal district courts to acquit for insufficient evidence *sua sponte,* after return of a guilty verdict." Id. Likewise, this Court is unaware of "any 'long unquestioned' power of federal district courts" to vacate a judgment procured by fraud in the *criminal* context. Id.

Id., 549 F. 3d at 912 (italics in original).

The Third Circuit in Washington also addressed United States v. Bishop, 774 F. 2d 771 (7th Cir. 1985), the lone decision holding that a Defendant's fraud upon the court authorized vacating the original sentence. The only authority cited in Bishop for this supposed power to re-open a federal sentence was a 1967 decision where the Defendant's fraud led to a revocation of his probation. The Third Circuit refused to follow Bishop.

The Honorable Dora L. Irizarry
May 7, 2012
Page 4

_____

> Prior to the 1985 holding in Bishop federal courts had been sentencing criminal defendants for nearly 200 years, and we can find no body of law recognizing a federal court's inherent power to vacate a sentence at some indeterminate time after the sentence is rendered on the basis of a fraud occurring at the time of sentencing. We are unpersuaded that a case from another circuit, based on unsupported assertions of past precedent, should form the basis of such a fundamental expansion of judicial powers.

Id., at 913 (footnotes omitted).

The Third Circuit not only criticized the lack of authority associated with Bishop, that Court also noted that the structure of the Rules and statutes had changed in the ensuing years.

> To the extent district courts may have ever had the inherent power to vacate a sentence procured by fraud, such power was abrogated by the enactment of 18 U.S.C. §3582(c) and the amendments to Federal Rule of Criminal procedure 35. As discussed above, the Supreme Court has distinguished its holding in Chambers in the criminal context when the text of the governing Federal Rule of Criminal Procedure clearly limits the power of the court. Carlisle, 517 U.S. at 426, 116 S. Ct. at 1446.

Id. The Third Circuit also reviewed aspects of the Federal Rules of Criminal Procedure that restrict the ability to re-open federal criminal proceedings, concluding that the Rules, statutes and relevant legislative history demonstrated that there is no longer any inherent authority to re-open a federal sentencing proceeding.

> While we are dubious that federal courts ever had the inherent power to vacate criminal sentences that were procured by fraud, "[w]hatever the scope of this 'inherent power,' . . . it does not include the power to develop rules that circumvent or conflict with the Federal Rules of Criminal Procedure." Carlisle, 517 U.S. at 426, 116 S. Ct. at 1446. Accordingly, we hold that to the extent there might have at one point been inherent power in the court, such power was abrogated by Congress pursuant to 3582(c) and Federal Rule of Criminal Procedure 35(a).

The Honorable Dora L. Irizarry
May 7, 2012
Page 5

---

Id., at 917.

On two occasions, the Eighth Circuit has been called upon to decide if a federal judge has the authority to vacate a sentence based on a Defendant's alleged fraud. In United States v. Fincher, 538 F. 3d 868 (8th Cir. 2008), that court was asked to remand a case so the district court could vacate the sentence it imposed based on a defendant's misrepresentations and so the district court could resentence the defendant during the pendency of his appeal. In denying this request, the Eighth Circuit questioned "whether the district court has jurisdiction to resentence a defendant in the absence of statutory authority to do so." Id., at 878.

More recently, the Eighth Circuit issued United States v. Smiley, 553 F. 3d 1137 (8th Cir. 2009). The District Court imposed a 36-month sentence on Ms. Smiley after she pled guilty to fraud charges. After the sentencing hearing, the government discovered that Ms. Smiley apparently owned fewer assets than she had previously revealed when claiming she would pay restitution. The Defendant there also had likely made additional misrepresentations to the Probation Office. The District Judge convened several hearings, ultimately vacating the original sentence and imposing 72 months in custody. The Court of Appeals reversed, but through an approach that differed from the Third Circuit's ruling in Washington, supra.

The Eighth Circuit reviewed the same authorities discussed by the Third Circuit in Washington. For example, the Eighth Circuit noted that Carlisle v. United States held that a district court did not have the authority to grant a defendant's untimely motion for judgment of acquittal because of the specific 7-day time limit for filing such motions. The Eighth Circuit recognized that the Supreme Court rejected the argument that the district court had acted within its "inherent supervisory power" so as to "circumvent or conflict with the Federal Rules of Criminal Procedure." 517 U.S. at 425-26, 116 S.Ct. at 1460. Also, the Eighth Circuit noted that while the Supreme Court had previously acknowledged a court's inherent powers, Carlisle rejected reliance on the court's inherent power because it was "unaware of any 'long unquestioned' power of federal district courts to acquit for insufficient evidence sua sponte, after return of a guilty verdict. Additionally, in Smiley the Eighth Circuit looked to the older Bishop decision from the Seventh Circuit, and the more recent approach outlined in the Third Circuit's ruling in Washington, supra.

The Eighth Circuit declined to weigh in on whether there is inherent authority to re-open a federal sentence based on a defendant's fraud on the court. Instead, the Smiley court held that the facts there did not rise to the high level of fraud needed to justify the very unusual step of re-opening a previously imposed sentence.

The Honorable Dora L. Irizarry
May 7, 2012
Page 6

_____

> The power to vacate judgments procured by fraud must be exercised with restrain (sic) and discretion, see Chambers, 501 U.S. at 44, 111 S.Ct. at 2123, and with consideration of the long established general rule that prohibits the alteration or setting aside of judgments after the expiration of the term when such judgments were finally entered. See Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. [238] at 244, 64 S.Ct. 997, [88 L. Ed. 2d 1250 (1944)]. It must be shown by clear and convincing evidence that there was fraud on the court with all doubts being resolved in favor of the finality of a judgment. Bulloch v. United States, 763 F. 2d 1115, 1121 (10th Cir. 1985). In addition, it is necessary to examine the nature of the alleged misrepresentation that is the impetus for vacating a judgment procured by fraud.

Id., 553 F. 3d at 1144.

The Eighth Circuit noted that fraud on the court which justifies vacating a judgment is narrowly defined as "fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury." Id. The standard for fraud on the court in the context of the court exercising its inherent powers is higher and distinct from the more general standard for fraud under Rule 60(b)(3) of the Federal Rules of Civil Procedure. A finding of fraud on the court under this standard "is justified only by the most egregious misconduct directed to the court itself, such as bribery of a judge or jury or fabrication of evidence by counsel . . . ." Id. (citation omitted).

In Smiley, the Eighth Circuit noted that all defendants are required to provide full, truthful and accurate information to the Probation Office. Additionally, the court noted that the sentencing judge was rightfully troubled by Ms. Smiley's falsities that made it appear she had greater ability to make restitution. However, even such mendacity did not authorize the District Judge to take back the original sentence and impose harsher punishment. "Assuming without deciding that the district court had the inherent power to set aside the original sentence, it was still an abuse of discretion to vacate the original sentence since the heightened standard for fraud on the court was not met in this case." Id., at 1145-46.

The Honorable Dora L. Irizarry
May 7, 2012
Page 7

---

### The heightened standard for fraud on the court counsels against re-opening the sentence in this case

As set out in the Eighth Circuit's <u>Smiley</u> decision, there is a "heightened standard for fraud" that must be met before a court takes the highly unusual step of vacating a previously imposed judgment. The Second Circuit recently described the "heavy burden" that must be borne in order to show a fraud upon the court that might justify re-opening a previous judgment. <u>Lee v. Marvel Enterprises, Inc.</u>, __ F. 3d __, Slip Copy, 2012 WL 934016 (CA. 2, Mar. 21, 2012). The Second Circuit also notes that perjury and nondisclosure of information by itself will not support the "heavy burden" of re-opening a prior judgment based on supposed fraud on the court. <u>Gleason v. Jandrucko</u>, 860 F. 2d 556, 559-60 (2d Cir. 1988).

As noted above, virtually all cases discussing the concept of re-opening a prior judgment stem from civil litigation. Even these decisions rarely allow a court to take back a previously enacted judgment. The weight of recent authority holds that this concept does not apply to federal criminal cases. Even if a court has such authority in a criminal case, the authority should be used sparingly. As noted by the Eighth Circuit's <u>Smiley</u> decision, courts should proceed with restraint and discretion, must require clear and convincing evidence of fraud, and should resolve all doubts in favor of finality of the previous judgment. Defendant suggests that prior cases interpreting "fraud upon the court" as a method for re-opening a prior judgment all counsel against use of this concept here.

Respectfully,

Paul S. Kish
Attorney-at-Law

Psk/pk
Cc:   Clerk of the Court (DLI) (by FedEx)
      AUSA Justin Lerer (by email)
      U.S. Probation Officer Jennifer Fisher (by email)