

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SLT:JDL
F.#2010R00036

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

May 7, 2012

<u>By ECF and Hand</u>

The Honorable Dora L. Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re:  <u>United States v. Pauline Wiltshire</u>
      <u>Criminal Docket No. 11-164 (DLI)</u>

Dear Judge Irizarry:

  The government respectfully submits this letter in response to the Court's order, entered on April 27, 2012, instructing the parties to supplement their letter briefs to address whether the Court may exercise an inherent power to vacate the sentence in this case upon proof that a fraud has been perpetrated upon the court.  For the reasons stated below, the government submits that the Court lacks authority to resentence the defendant under the circumstances in this case.  A hearing on this issue has been scheduled for May 10, 2012.

I.  <u>Background</u>

  On September 22, 2011, the defendant pleaded guilty to an indictment charging conspiracy to distribute Adderall, in violation of 18 U.S.C. § 841(a)(1).

  On December 16, 2011 and April 16, 2012, respectively, the Probation Department issued a Presentence Investigation Report and Addendum thereto (collectively, "the PSR").  In reviewing the defendant's employment history, the PSR noted that the defendant had worked as an exotic dancer in college (PSR ¶ 59) but did not note employment as an exotic dancer during any other time period (<u>see</u> <u>id.</u> ¶¶ 54-59).  The PSR assigned the defendant a Total Offense Level of 25 and a Criminal History Category of I, resulting in a United States Sentencing Guidelines range of imprisonment of 57 to 71 months.

2

At sentencing, the government did not oppose the imposition of a non-Guidelines sentence but advocated for a sentence that included a significant term of incarceration. The defendant requested a non-incarceratory sentence.

On April 16, 2012, the Court sentenced the defendant to time served (amounting to two days) and five years of supervised release with the standard conditions of supervision and various special conditions. The Court has not yet issued a written judgment.

On April 23, 2012, the Probation Department filed a memorandum under seal, reporting that an anonymous individual had alleged that the defendant had been working as an exotic dancer for the past year and had not reported that employment to the Pretrial Services Agency or the Probation Department. The memorandum also detailed the Probation Department's efforts to corroborate these allegations, noting that "[a]t this time, the information provided by the anonymous individual is still being corroborated."

On April 23, 2012, as amended on April 24, 2012, the Court issued an order to show cause why it should not vacate the sentence and resentence the defendant based upon the information contained in the Probation Department's memorandum. The parties both filed letter briefs arguing that the Court lacked authority to resentence the defendant under the circumstances in this case.

On April 27, 2012, the Court ordered the parties to supplement their letter briefs to address whether the Court may exercise an inherent power to vacate the sentence in this case upon proof that a fraud has been perpetrated upon the court.

On May 3, 2012, the Probation Department filed a memorandum stating that, upon further investigation, it had concluded that the defendant had been working as an exotic dancer for several years, including during the time of the preparation of the PSR, and had not reported this employment to the Pretrial Services Agency or the Probation Department.

II. Argument

The government respectfully submits that the Court lacks authority to resentence the defendant under the circumstances in this case.

It appears that a federal district court may once have possessed the inherent authority to vacate a judgment in a criminal case upon a showing that a fraud had been perpetrated upon the court. In United States v. Smith, 331 U.S. 469 (1947), upon a government appeal, the Supreme Court vacated the order of a district court, which had granted a new trial after the district court had previously denied the defendant's motion for a new trial and the Court of Appeals had affirmed that initial denial. Despite vacating the order granting a new trial, in dicta located in a footnote, the Supreme Court noted: "Of course, the federal courts have power to investigate whether a judgment was obtained by fraud and make whatever modification is necessary, at any time." Id. at 475 n.4.

In United States v. Bishop, 774 F.2d 771 (7th Cir. 1985), the Seventh Circuit considered whether a district court may vacate a sentence on account of fraud upon the court. In Bishop, the defendant was initially sentenced to a three-year federal sentence and then to a thirty-four-year state sentence in an unrelated case. The defendant then requested that his attorney in the federal case seek a modification of his federal sentence to have it run concurrently with his lengthy state sentence. Meanwhile, the state sentence was reduced from thirty-four years' imprisonment to four years' imprisonment, but the defendant did not inform his attorney in the federal case. The attorney in the federal case filed the motion requesting the modification of sentence, which was granted. Later, the federal court discovered the reduction in the state sentence and began proceedings that culminated in its decision to vacate its modification of sentence and reimpose the original three-year sentence to run consecutively to the state sentence. Id. at 772-73. On appeal, the Seventh Circuit affirmed the district court's vacatur of its sentence, explicitly basing its holding on "the district court's inherent power to correct a judgment procured through fraud." Id. at 773.

The government submits, however, that Smith and Bishop were abrogated by the Sentencing Reform Act of 1984 (the "Reform Act"), which took effect on November 1, 1987. As the Second Circuit has observed, "Congress has imposed stringent limitations on the authority of courts to modify sentences, and courts must abide by those strict confines." United States v. Thomas, 135 F.3d 873, 876 (2d Cir. 1998).

The Reform Act included the new provision 18 U.S.C. § 3582. 18 U.S.C. § 3582(c) specifically provides that "[t]he court many not modify a term of imprisonment once it has been imposed" except in three circumstances: (1) when the Bureau of

Prisons has filed a motion for reduction of sentence, 18 U.S.C. § 3582(c)(1)(A); (2) when the modification is expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3582(c)(1)(B); and (3) when the defendant has been sentenced to imprisonment based on a sentencing range that has subsequently been lowered retroactively by the Sentencing Commission, 18 U.S.C. § 3582(c)(2).

The Reform Act also made substantial revisions to Rule 35 of the Federal Rules of Criminal Procedure. As the Second Circuit noted in United States v. Abreu-Cabrera, 64 F.3d 67 (2d Cir. 1995), prior to the Reform Act, a district court enjoyed "substantial latitude to amend a sentence after the public sentencing hearing" under Federal Rule of Criminal Procedure 35. Id. at 71 (quoting United States v. Cook, 890 F.2d 672, 674 (4th Cir. 1989)). The Reform Act amended Rule 35 "to impose on the new sentencing system a requirement that the sentence imposed in the public forum during the sentencing hearing would remain constant, immune from later modification." Id. (quoting Cook, 890 F.2d at 674-75). After litigation of the amended Rule 35 in the Courts of Appeals, Rule 35 was amended again in 1991 to add Rule 35(c), permitting a district court to correct a sentence that was imposed as a result of "arithmetical, technical, or other clear error." Rule 35(c) was "intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action." Id. at 72 (quoting Fed. R. Crim. P. advisory committee note 1991 amendments).[1]

Notably, Rule 35 does not include any provision permitting a district court to vacate a sentence on account of fraud, while Rule 60 of the Federal Rule of Civil Procedure contains separate provisions permitting a district court to vacate a civil judgment for fraud upon an opposing party or upon the court. Fed. R. Civ. P. 60(b)(3), (d)(3).

Since the enactment of the Reform Act, two Circuit courts have considered appeals in which a district court vacated a sentence for fraud upon the court. Both Circuit courts reversed the district courts, although for different reasons.

---

[1] Amendments to Rule 35 in 2002 and 2009 reorganized the rule to place the provision permitting correcting a sentence for "arithmetical, technical, or other clear error" in Rule 35(a) and to provide for a time limit of 14 days after sentencing. Neither of these amendments altered the operative language of the rule.

5

In United States v. Washington, 549 F.3d 905 (3d Cir. 2008), the defendant successfully hid his true identity, in order to avoid the imposition of additional criminal history points at sentencing, as his case progressed all the way from arraignment before a United States Magistrate Judge through denial of a petition for a writ of certiorari by the Supreme Court. Id. at 907-08. When the defendant's true identity was discovered, the district court vacated the sentence, citing its "inherent power to vacate judgments procured by fraud," and resentenced the defendant. Id. at 909-11. The defendant appealed and filed a petition for a writ of mandamus. The Third Circuit issued the writ of mandamus. The Third Circuit declined to follow Bishop, on which the district court had relied, criticizing Bishop as "based on unsupported assertions of past precedent." Id. at 913. The Third Circuit held that 18 U.S.C. § 3582(c) and Rule 35 abrogated the inherent power of a district court to vacate a sentence procured by fraud, to the extent that such inherent power had ever existed. Id. at 914. The Third Circuit reasoned that the continued existence of such an inherent power was "contrary to the clear language" of section 3582(c) and the "plain language" of Rule 35. Id. at 915.

In United States v. Smiley, 553 F.3d 1137 (8th Cir. 2009), the Eighth Circuit was presented with facts very similar to those in this case. The defendant had made various misrepresentations and omissions regarding her assets in her presentence interview. Id. at 1139. After sentencing, the defendant's lies were revealed, and the district court ultimately vacated its sentence and resentenced the defendant, citing "the Court's inherent authority." Id. at 1140. The defendant appealed. The Eighth Circuit noted a conflict between Washington, on the one hand, and Smith and Bishop, on the other, although the Eighth Circuit did not address the fact that the Reform Act had been enacted after the decisions in Smith and Bishop, but prior to Washington. The Eighth Circuit expressed its doubts as to "whether the district court has jurisdiction to resentence a defendant in the absence of statutory authority to do so," id. at 1144 (quoting United States v. Fincher, 538 F.3d 868, 878 (8th Cir. 2008)), but declined to reach the issue of whether such authority existed. Instead, the Eighth Circuit noted that a district court may only vacate a judgment in a case of "the most egregious misconduct." Id. at 1145. The Eighth Circuit found that the defendant's misrepresentations were not sufficient to justify vacating the sentence for fraud upon the court, even assuming that the district court possessed the power to do so in a criminal case, and reversed. Id. at 1144-45.

6

The government respectfully submits that the Court may not vacate the sentence in this case and resentence the defendant. As the Third Circuit held in Washington, the Reform Act has abrogated any inherent authority to resentence for fraud upon the court that a district court may have possessed. Even assuming *arguendo* that a district court possessed such inherent authority, exercising it in this case would be inappropriate. The misrepresentations in this case, which have to do with the defendant's income and assets, are nearly identical to those in Smiley, in which the Eighth Circuit reversed the district court's vacatur of the original sentence. The presumption against vacating a judgment for fraud upon the court is equally strong in the Second Circuit. See Gleason v. Jandrucko, 860 F.2d 556, 559-60 (2d Cir. 1988) (holding that vacatur of a civil judgment for fraud upon a court is only appropriate when the fraud "threatens the very integrity of the judiciary and the proper administration of justice" and that "neither perjury nor nondisclosure, by itself," is sufficient to justify vacatur).

For these reasons, the government respectfully submits that the Court lacks authority to resentence the defendant under the circumstances in this case.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: /s/ Justin D. Lerer
Justin D. Lerer
Assistant U.S. Attorney
(718) 254-6124

cc: Clerk of Court (DLI) (By ECF)
U.S. Probation Officer Jennifer G. Fisher (By e-mail)
Paul S. Kish, Esq. (By ECF)